UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13 B 35761 |
| Marzieh Bastanipour, ) | Chapter 7 |
| ) | |
| Debtor. ) | Judge Pamela S. Hollis |

To: KOVITZ SHIFRIN NESBIT
Attn: Wendy P. Durbin
175 N. Archer Ave.
Mundelein, IL 60060
(847) 537-0500
wdurbin@ksnlaw.com

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the Debtor MARZIEH BASTANIPOUR, by and through her attorney Forrest L. Ingram, will appear before Judge Pamela Hollis at 10:00 A.M. on February 16, 2017, in Courtroom 644 of the Dirksen Federal building, 219 S. Dearborn, Chicago, IL 60604 shall then and there present the Debtor's **MOTION TO REOPEN CASE**, a copy of which is enclosed and is herewith served upon you. At which time and place you may appear and be heard.

Respectfully submitted,
MARZIEH BASTANIPOUR

By: /s/ Forrest L. Ingram
Attorney for the Debtor

Forrest L. Ingram, #3129032
6101E N. Sheridan Rd., #9A
Chicago, IL 60660
(773) 761-3933 (tel)
fingram@fingramlaw.com

## CERTIFICATE OF SERVICE

I, Forrest L. Ingram, an attorney, certify that I served a true and correct copy of the attached motion and proposed order, as well as this notice, by mail, proper postage affixed, to the law firm of Kovitz Shifrin Nesbit, at the address listed above, on the 8th day of February, 2017.

/s/ Forrest L. Ingram
Attorney for the Debtor

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, CHANCERY DIVISION

IN RE: )
) Case No. 13 B 35761
Marzieh Bastanipour, ) Chapter 7
)
Debtor. ) Judge Pamela S. Hollis

## MOTION TO REOPEN CASE

Now comes the Debtor, Marzieh Bastanipour ("Debtor"), by and through her attorney Forrest L. Ingram, and moves this honorable court to reopen her chapter 7 case to hear and rule on the Debtor's motion to discharge a debt inadvertently omitted from her schedules. In support of the motion, Debtor states:

1. Debtor filed this chapter 7 case on September 9, 2013.

2. On Schedule D, she included Central Loan Admin & R (known as "CENLAR"), the secured creditor of her condo unit (#1212) at 211 E. Ohio, Chicago, IL, where she no longer lived. See **Exhibit A**.

3. By inadvertence and lack of awareness of certain aspects of bankruptcy law, she failed to list on her schedules her executory contract as a condo owner to pay monthly assessment fees to Grand Ohio Condominium Association ("Grand Ohio"), even though she no longer lived in her condo and CENLAR had already commenced foreclosure proceedings against the condo, and sent notices, as required, to the Debtor and to Grand Ohio.

4. On September 13, 2013, CENLAR filed in Debtor's bankruptcy case a motion to lift stay to continue with its foreclosure action against Debtor's condo, and on September 24, 2013, the court granted that motion. See **Exhibit B**. Grand Ohio filed no proof of claim in her case.

5. The Debtor was under the impression that her unit (#1212) was sold shortly thereafter.

1

6. Further, the Bankruptcy Code, 11 U.S.C. § 365(d)(1) states that the trustee, as administrator of the debtor's estate, has the right to assume or reject any executory contract of the debtor within 60 days of filing, or within any additional time allowed by the court. If the trustee does not assume the contract in that time, then it is "deemed rejected." Under that provision of the Bankruptcy Code, the executory contract allegedly agreed to between the Association and the Debtor was deemed rejected sixty days after September 9, 2013. Therefore, the Debtor could not owe the Association anything, pursuant to the contract, from 10/1/13 to 9/30/15.

7. After the trustee administered the Debtor's bankruptcy case, the Debtor was discharged of all her dischargeable debt by court order on February 12, 2014. See **Exhibit C**.

8. Nevertheless, on February 25, 2016, Grand Ohio filed a verified complaint in the Circuit Court of Cook County, Municipal Department, Case No. 2016-M1-104537, claiming that the Debtor owed Grand Ohio $8,432.15 plus costs and attorney fees based upon unpaid assessment fees and late fees plus litigation costs from October 1, 2013 through September 30, 2015. The complaint alleges that the condo was not sold by CENLAR until September 11, 2015.

9. The Debtor is convinced that Grand Ohio, since it had an office in 211 E. Ohio, was fully aware of the Debtor's bankruptcy and of CENLAR actions. Despite that knowledge, Grand Ohio never filed a proof of claim in the Debtor's bankruptcy case while it was pending and never, at any time before filing its collection suit in 2016, did it notify her of any claim that the Debtor continued to owe based on Grand Ohio's claim for assessment fees from 2013 to 2015.

11. In Case No. 2016-M1-104537, Ms. Bastanipour informed Grand Ohio of her bankruptcy discharge and filed a motion to dismiss the complaint. However, Grand Ohio opposed the motion and did not withdraw its complaint, leaving Ms Bastanipour no option but to reopen the bankruptcy case and have the Grand Ohio debt discharged by an order of this court.

**WHEREFORE**, the Debtor Marzieh Bastanipour respectfully requests that this court enter an order reopening her chapter 7 case to hear the Debtor's motion for the discharge of the debt now being claimed by Grand Ohio in state court. The Debtor asks for such other and further relief as may be appropriate, including litigation costs and attorney fees for having to bring this motion.

    Respectfully submitted,

    Marzieh Bastanipour

    By:

    /s/ Forrest L. Ingram
    Attorney for Debtor

Forrest L. Ingram, Attorney at Law
6101E N. Sheridan Rd., #9A
Chicago, IL 60660
(773) 761-3933
fingram@fingramlaw.com
Atty. No. 3129032